IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | |
| CLINTESS ROBERTA BARRETT-JOHNSON | : | 1:23CR57-2 |

GOVERNMENT'S SUPPLEMENT TO MOTION FOR
FED. CRIM. P. 44 STATUS CONFERENCE REGARDING
REPRESENTATION

NOW COMES the United States of America, by and through Sandra J. Hairston, United States Attorney for the Middle District of North Carolina, and respectfully supplements its request that this Court set a status conference, pursuant to Federal Rule of Criminal Procedure 44, based upon new information:

I. PROCEDURAL POSTURE

The procedural history impacting this supplement is set forth in detail in the government's motion for a status conference regarding representation. Dkt. No. 28. Following the filing of that motion, Attorney Daron Satterfield advised the undersigned that Mi'chelle Necole Bell-Johnson [3] and Robert Johnson II [4] have retained counsel in this matter. No attorneys have, as of yet, noticed an appearance for these defendants.

Attorney Daron Satterfield further advised the undersigned that he

intends to file a general appearance for the above-captioned defendant, Barrett-Johnson [2]. As set forth in the government's filing in Docket Number 28, Satterfield has represented Davis [1], Barrett-Johnson [2], and Johnson II [4] in the filter review of materials seized from those defendants pursuant to search warrants issued under case numbers 1:21MJ464, 465, ad 470-1. Satterfield further represented Davis [1], Barrett-Johnson [2], Bell-Johnson [3], and Johnson II [4] at their initial appearances on February 24, 2023, and represented Barrett-Johnson [2], Bell-Johnson [3], and Johnson II [4] at their arraignments the same day. *See* 02/24/2023 Minute Entries.

As such, Federal Rule of Criminal Procedure 44 requires a hearing wherein this Court can determine whether any actual or potential conflicts of interest exist related to Satterfield's representation of Barrett-Johnson [2], based upon his prior representation of her co-defendants in the same investigation.

II. <u>LEGAL ANAYLSIS</u>

Rule 44 of the Federal Rules of Criminal Procedure charges the trial court with the responsibility to investigate apparent conflicts of interest in representation, advise the defendant personally of such conflicts, and receive the defendant's waiver if he wishes to continue with his current counsel. *See* Fed. R. Crim. Pro. 44. While a defendant does have the right to be represented by an attorney of his own choosing, the Supreme Court has made clear that

such right is not absolute. *See Wheat v. United States*, 486 U.S. 153, 161 (1988). *See also United States v. Howard*, 115 F.3d 1151, 1155 (4th Cir. 1997). To that end,

> the right is circumscribed by, among other things, the obligation of trial courts to safeguard the integrity of the proceedings before them. Trial judges may on occasion be required to decline a defendant's offer to waive his own attorney's conflict of interest and indeed district courts must be allowed substantial latitude in rejecting waivers of this sort.

*See Howard*, 115 F.3d at 1155 (internal quotation and citation omitted). The Fourth Circuit has explicitly stated that "a trial court 'must have sufficiently broad discretion to rule without fear that it is setting itself up for reversal on appeal' if it disqualifies a defendant's chosen lawyer." *See id*. (quoting and citing *United States v. Williams*, 81 F.3d 1321, 1324 (4th Cir. 1996)).

An attorney may be disqualified because of his "prior representation of a witness or co-defendant." *United States v. Locascio*, 6 F.3d 924, 931 (2d Cir. 1993). Such disqualification is warranted here, even though Satterfield now intends to represent only one of the defendants charged in this case, Barrett-Johnson [2]. As detailed in the indictment, the allegations against these defendants arise out of the same scheme to defraud the Chatham County Housing Authority and cover up evidence of the same to investigators. As a result, if this case proceeds to trial, every defendant would be in a position to testify against the others, making Satterfield's conflict between protecting his

former client's confidences and advocating for his current client unavoidable. *See United States v. Stein*, 410 F. Supp. 2d 316, 324-25 (S.D.N.Y. 2006) (noting that "in any attorney client relationship, the court should presume that confidences were disclosed to the attorney bearing on the subject matter of the representation") (internal quotation and citation omitted). *See also United States v. Kaufman*, 354 F. Supp. 2d 1201, 1207 (D. Kan. 2005) (stating that "[t]he [disqualified] firm necessarily gained substantial knowledge about confidential matters from [one defendant] having represented her and her [co-defendant] for a number of years in both civil and administrative matters arising out of the same transactions or occurrences that are at issue in or factually related to the events charged in the superseding indictment").

To that end, in the event that one individual elects to plead guilty while the others do not, the conflict of interest would remain, as the pleading defendant could be incentivized to offer testimony against the others. *See United States v. Magini*, 973 F.2d 261, 263-64 (4th Cir. 1992) ("A conflict which causes counsel to fail to explore possible plea negotiations may implicate the Sixth Amendment right to counsel."). Further, even if all defendants were to plead guilty, the conflict could possibly persist at sentencing, as the "role in the offense" adjustment might reasonably encourage each defendant to advocate that he was a "minor" or "minimal" participant relative to the other. *See* United States Sentencing Commission, Guidelines Manual (2021), Section 3B1.2.

Thus, there is not "good cause to believe that no conflict of interest is likely to arise" under Fed. R. Crim. P. 44(c)(2) if Satterfield continues to represent any of the defendants in the above-captioned matter, including only Barrett-Johnson [4]. *See, e.g., United States v. Volpendesto*, 746 F.3d 273, 282 (7th Cir. 2014) (affirming district court's determination that a conflict was not waivable where prior representation meant that the court "cannot know what information [the attorney] has learned from his previous client … that would be detrimental to that client in this case"). *Cf. Fitzpatrick v. McCormick*, 869 F.2d 1247, 1252 (9th Cir. 1989) (finding actual conflict when defense theory was centered on accusations against attorney's former client); *Church v. Sullivan*, 942 F.2d 1501, 1510–11 (10th Cir. 1991) (making same finding and noting that it is "difficult to envision circumstances more fraught with inherent conflict than where [a lawyer] … must present a defense theory inculpating [his] former client, particularly where the former representation was factually intertwined with the criminal defendant's case").

III. CONCLUSION

WHEREFORE, the United States respectfully requests that this matter be set for a hearing, pursuant to Federal Rule of Criminal Procedure 44, to address this conflict of interest.

This the 2nd day of March, 2023.

                SANDRA J. HAIRSTON
                United States Attorney

                /S/ JOANNA G. MCFADDEN
                Assistant United States Attorney
                Deputy Chief, Criminal Division
                NYSB #4500948
                United States Attorney's Office
                Middle District of North Carolina
                101 S. Edgeworth St., 4th Floor
                Greensboro, NC  27401
                Phone:  336/333-5351

CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record, and I emailed it to Attorney Daron Satterfield.

/S/ JOANNA G. MCFADDEN
Assistant United States Attorney
NYSB No.: 4500948
United States Attorney's Office
101 S. Edgeworth St., 4th Floor
Greensboro, NC 27401
336/333-5351